# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DESMOND BANKS, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> COSTAR REALTY INFORMATION, INC., <br><br> Defendant. | Case No. _____ <br><br> Removed from the City of St. Louis Circuit Court, Missouri, Case No. 2522-CC00514 |

### NOTICE OF REMOVAL

Defendant CoStar Realty Information, Inc. ("CoStar") hereby removes this action from the City of St. Louis Circuit Court, Missouri, to the United States District Court for the Eastern District of Missouri, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support thereof, CoStar states as follows:

### NATURE OF REMOVED ACTION

1) On March 20, 2025, Plaintiff Desmond Banks filed a Class Action Complaint against CoStar in the City of St. Louis Circuit Court asserting that CoStar violated the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, by allegedly disclosing the viewing history of individuals who accessed its website (the "State Court Action"). Plaintiff seeks declaratory relief, injunctive and equitable relief, statutory damages, and attorneys' fees and costs on behalf of himself and a

nationwide putative class of all individuals who viewed video materials on its website.

2)   Plaintiff's Complaint in the State Court Action is attached hereto as **Exhibit A**, and a true and correct copy of the state court docket and all process, pleadings, and orders served on CoStar in the State Court Action is attached hereto as **Exhibit B**.

## GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1331

3)   "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

4)   This Court has original jurisdiction over this matter because Plaintiff's case constitutes a "civil action[] arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Indeed, Plaintiff alleges that CoStar violated the Video Privacy Protection Act, 18 U.S.C. § 2710. (Ex. A, Compl. ¶¶ 49–61.)

5)   Accordingly, removal is proper pursuant to 28 U.S.C. § 1331.

## GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1332(d)

6)   This action is also removable under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Pursuant to CAFA, where a proposed class involves 100 or more class members, "[t]he district courts shall have original jurisdiction of any civil

action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) and (d)(5).

7) Each of the CAFA requirements is met here.

**A.     This Is A Class Action With More Than 100 Putative Members.**

8) CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9) Plaintiff seeks to represent a nationwide putative class pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure, the state of Missouri's analog to Federal Rule of Civil Procedure 23. (Ex. A, Compl. ¶ 41.)

10) Plaintiff alleges the putative class consists of "hundreds of thousands of members." (Ex. A, Compl. ¶ 43.)

11) Thus, this case is a putative class action involving more than 100 members for purposes of CAFA.

**B.     Minimal diversity exists.**

12) Minimal diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13) Plaintiff alleges he is a citizen of Missouri. (Ex. A, Compl. ¶ 8.)

14) A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

15) CoStar is incorporated in Delaware and maintains its principal place of business in Virginia. (Ex. A, Compl. ¶ 9.) Thus, CoStar is a citizen of Delaware and Virginia.

16) Because Plaintiff and CoStar are citizens of different states, CAFA's minimal diversity requirement is met.

### C.  The Amount In Controversy Is Satisfied.

17) "Where, as here, the class action complaint does not allege that more than $5 million is in controversy, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Ahmad v. Panera Bread Co.*, Case No. 4:21 CV 311 CDP, 2021 WL 5447000, *2 (E.D. Mo. Nov. 16, 2021). And if a plausible allegation is made, "the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much." *Id.* (emphasis in original).

18) Although CoStar denies Plaintiff's allegations—and fully reserves its rights to contest their adequacy—Plaintiff's request for statutory damages, injunctive relief and attorney's fees on behalf of himself and a nationwide class of "hundreds of thousands of members" is sufficient to exceed the jurisdictional threshold. Indeed, CAFA permits courts to aggregate the claims of the individual putative class members "to determine whether the matter in controversy exceeds

the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

19) Here, Plaintiff seeks "statutory damages of $2,500 for each violation of the VPPA." (Ex. A., Compl. ¶ 61.) Multiplying $2,500 by "hundreds of thousands of Class members" alone exceeds the $5,000,000 threshold.

20) Plaintiff also seeks injunctive relief and attorney's fees—both of which are properly included in the calculation of the amount in controversy and further increase the amount in controversy. *See Ahmad*, 2021 WL 5447000, at *6 ("The value of injunctive relief is considered in determining the amount in controversy."); *see id.* at *7("[A]ttorneys' fees are included in determining whether CAFA's required amount in controversy is met. . . . [The Court] may consider attorneys' fees based on the expected length of the litigation, the expected hours to be worked in this case, and the hourly rates charged.").

21) Because Plaintiff is plausibly seeking in excess of $5,000,000 in damages and other relief related to the individual and proposed class-wide claims, the amount in controversy is satisfied and this matter properly "belongs in federal court." *Id.* at *2.

22) This matter, therefore, satisfies all requirements of 28 U.S.C. § 1332(d) and is removable under CAFA.

### D.     No CAFA Exceptions Apply.

23) This action does not fall within the exceptions to removal jurisdiction outlined in 28 U.S.C. §§ 1332(d)(4), (d)(9) or 28 U.S.C. § 1453(d).

## VENUE

24) This Court is in the judicial district and division embracing the place where Plaintiff filed the State Court Action and where it is pending. Specifically, the United States District Court for the Eastern District of Missouri embraces the City of St. Louis Circuit Court. *See* 28 U.S.C. §§ 1441, 1446, 105.

## TIMELINESS OF REMOVAL

25) Plaintiff served CoStar with his Complaint on March 25, 2025.

26) CoStar filed this Notice within 30 days after service of the Complaint. Thus, removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

## NOTICE

As required by 28 U.S.C. § 1446(d) and Local Rule 2.03, CoStar is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the City of St. Louis Circuit Court and all adverse parties.

## OTHER LOCAL REQUIREMENTS

Pursuant to Local Rule 2.02, CoStar is concurrently filing a Civil Cover Sheet, Original Filing Form, and Disclosure Statement.

## PRAYER FOR REMOVAL

WHEREFORE, CoStar hereby removes this action from the City of St. Louis Circuit Court to the United States District Court for the Eastern District of Missouri.

Dated: April 23, 2025			Respectfully submitted,

						By:	*/s/ Colby M. Everett*
							Colby M. Everett #72403 (MO)
							**Baker & Hostetler LLP**
							1801 California Street, Suite 4400
							Denver, CO 80202
							Tel: (303) 861-0600
							Fax: (303) 861-7805
							ceverett@bakerlaw.com

							*Attorneys for Defendant*
							*CoStar Realty Information, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, a true and correct copy of the foregoing document was served via email and U.S. mail upon the following:

Lanny Darr (#42038)
Darr Law Offices, Ltd.
307 Henry Street, Suite 406
Alton, IL 62002
darr@darrfirm.com

Eugene Y. Turin (pro hac vice to be filed)
Jordan R. Frysinger (pro hac vice to be filed)
McGuire Law, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
eturin@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

                                            */s/ Colby M. Everett*
                                            Colby M. Everett