Electronically Filed - CITY OF ST. LOUIS - March 20, 2025 - 03:32 PM

### IN THE CIRCUIT COURT OF ST. LOUIS CITY
### STATE OF MISSOURI

| | | |
|---|---|---|
| DESMOND BANKS, individually and on behalf of a class of similarly situated individuals, | ) ) ) | Cause No. |
| | ) | |
| *Plaintiff*, | ) | Division No. |
| | ) | |
| v. | ) ) | Class Action Petition for Damages In Excess of |
| COSTAR REALTY INFORMATION, INC., a Delaware corporation, | ) ) ) | $25,000.00 |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| *Defendant*. | ) | |

## CLASS ACTION PETITION

Plaintiff Desmond Banks ("Plaintiff") brings this Class Action Complaint against Defendant CoStar Realty Information, Inc. ("Defendant") to stop Defendant's unlawful disclosure of its subscribers' personally identifiable information and to seek redress for all those who have been harmed by Defendant's misconduct. Plaintiff alleges as follows based on personal knowledge as to himself and his own acts and experiences and as to all other matters, on information and belief, including an investigation by his attorneys.

## INTRODUCTION

1.     This is a class action suit brought against Defendant for violations of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. *et seq*., which prohibits the disclosure of subscribers' video viewing history without their informed, written consent.

2.     Defendant operates several different consumer real estate platforms. One of its most popular websites, apartments.com (the "Website"), is one of the largest online real estate rental platforms in the nation. Accordingly, a key aspect of Defendant's business model is to showcase available rental properties by using videos for virtual tours.

Electronically Filed - CITY OF ST. LOUIS - March 20, 2025 - 03:32 PM

3.      Critically, Defendant utilizes sophisticated tracking technology on its Website that collects its subscribers' personally identifiable information ("PII"), including information which identifies a person as having viewed specific videos on Defendant's Website. Defendant knowingly discloses this information to third party advertisers so that they can target specific users with specifically tailored advertisements based on their viewing history.

4.      However, Defendant discloses their subscribers' PII without their consent, and in doing so, Defendant has violated the VPPA and Plaintiff's and the other Class members' statutory rights.

5.      Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendant's practices of knowingly disclosing its subscribers' PII to third-parties in violation of the VPPA.

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over Defendant pursuant to § 506.500 R.S.Mo. as Defendant transacts business within this state.

7.      Venue is proper in this Court pursuant to § 508.010 R.S.Mo. because Defendant is a nonresident of this state and there is personal jurisdiction over the Defendant.

## PARTIES

8.      Plaintiff Desmond Banks is a natural person and citizen of Missouri.

9.      Defendant CoStar Realty Information, Inc. is a Delaware corporation headquartered at 1331 L St NW, Washington, DC 20005.

## COMMON FACTUAL ALLEGATIONS

Electronically Filed - CITY OF ST. LOUIS - March 20, 2025 - 03:32 PM

## I.       The Video Privacy Protection Act

10.     The VPPA prohibits "[a] video tape service provider" from "knowingly disclos[ing], to any person, personally identifiable information concerning any consumer of such provider." 18 U.S.C. § 2710(b)(1).

11.     The VPPA defines PII as "information which identifies a person as having requested or obtained specific video materials or services from a video service provider." 18 U.S.C. § 2710(a)(3).

12.     A video tape service provider is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual material." 18 U.S.C. § 2710(a)(4).

13.     Further, the act defines a "consumer" as "any, renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710 (a)(1).

14.     In 2012, Congress amended the VPPA, and in so doing, reiterated the Act's applicability to providers of online video content such as Defendant. S. Rep. 112-259, at 2.

## II.      Defendant Discloses its Subscribers' PII to Third Parties

15.     Defendant operates several different consumer real estate platforms. One of its most popular websites, apartments.com (the "Website"), is one of the largest online real estate rental platforms in the nation.

16.     Defendant permits its Website users to subscribe and create an account by registering with their First Name, Last Name, Email Address, and Phone Number (hereinafter referred to as "Subscribers").

Electronically Filed - CITY OF ST. LOUIS - March 20, 2025 - 03:32 PM

17.    A key aspect of Defendant's business model depends on attracting renters by showcasing properties on its Website. Importantly, one method Defendant chooses to do this is by allowing its rental listers to offer video virtual tours. Defendant advertises this capability by stating "with a virtual tour, renters can explore your community and available units without setting foot on the property."[1] Defendant even encourages adding virtual tours to listings stating that it offers an opportunity to "[s]tand out from the competition."[2] Defendant's platform further allows its prospective renters to sort apartments by viewing those which contain a video tour of the unit and property:

Save Search 🔔    Sort ↑↓

Default

Rent (low to high)

Rent (high to low)

Video

3D Tour

Last Updated

18.    The video tour walkthrough consists of a video presentation of the selected listing.

19.    Importantly, while creating their accounts, Subscribers are not specifically asked to consent to Defendant sharing and disclosing their PII to third parties, including information which identifies them as having viewed specific video content on Defendant's

---

[1] https://www.apartments.com/grow/learning-center/virtual-tours?msockid=17e3eb02e46e6f5b2986f96ee5bd6ea2

[2] https://www.apartments.com/grow/learning-center/virtual-touring-importance

Electronically Filed - CITY OF ST. LOUIS - March 20, 2025 - 03:32 PM

Website.

20.    However, despite not obtaining informed, written consent from its Subscribers which is distinct and separate from any form setting forth other legal obligations, Defendant discloses its Subscribers' PII to various third parties.

21.    Specifically, an analysis of Defendant's Website shows that Defendant discloses its Subscribers' PII by utilizing tracking pixels and similar tracking technologies such as the Meta Pixel.

22.    The Meta Pixel is a piece of code that online media providers, like Defendant, can integrate into their websites. Once activated, the Meta Pixel tracks the people and the type of actions they take on the website and disseminates that information to Facebook. Therefore, when one of Defendant's Subscribers requests to watch a video on Defendant's Website, the Meta Pixel sends that video request, along with the Subscribers' identity, to Facebook.

23.    For example, if a Subscriber were to request to watch a video tour of an apartment listing on Defendant's Website, Defendant would disclose that information in the form of a URL request (as shown below), along with the identity of the Subscriber:

Electronically Filed - CITY OF ST. LOUIS - March 20, 2025 - 03:32 PM



24.     Defendant uses many other tracking technologies and pixels that operate similar to the Meta Pixel ubiquitously across its Website, including the TikTok Pixel.

25.     Defendant's disclosures of its Subscribers' PII is also evidenced in Defendant's Privacy Policy[3] which discloses that Defendant collects a slew of information from its Subscribers including but not limited to:

A.  Name, nickname, mailing address, email address, phone number, gender, date of birth, age, language preference, username, password, and browsing information that includes "partial or full video clips of

---

[3] https://www.apartments.com/grow/about/privacy-notice

Electronically Filed - CITY OF ST. LOUIS - March 20, 2025 - 03:32 PM

[Subscribers']" online interactions with [Defendant], including cursor movements, scrolling activity, and other items that [Subscribers] download or view[,]" IP address, and geolocation information.

26.    Defendant uses its Subscribers' collected information for many purposes including:

    A. For advertising, marketing, and selling services, including linking together personal information to better understand its [Subscribers].

27.    Defendant discloses that it will share your information with:

    A. Affiliates, business partners, service providers, its customers, and with third parties.

28.    Importantly, Defendant admits that it uses third party cookies and other tracking technologies to "collect information, including Personal Information, to help [Defendant] target content to [Subscribers] on the Services or elsewhere."

29.    Defendant even admits that in the last 12 months, it has sold or shared its Subscribers':

    A. IP address, Personal Information, geolocation, internet or other electronic network activity information, phone number, and commercial information including "purchasing tendencies or records of products or services purchased or considered."

30.    In short, Defendant compiles and discloses a slew of data obtained from its Subscribers, including PII which can be used to identify a specific person as having viewed a specific video.

31.    Critically, at no point does Defendant obtain its Subscribers', including

Electronically Filed - CITY OF ST. LOUIS - March 20, 2025 - 03:32 PM

Plaintiff's, prior written consent as required under the VPPA to share their PII and video viewing history with such third parties, and its Subscribers remain unaware that their PII and other sensitive data is being disclosed and/or collected by such third parties.

32.    Defendant's Subscribers are unaware of the status of their PII and video viewing history, to whom it has been disclosed, and who has possession and retained such information as a result of Defendant's illegal disclosures.

33.    By disclosing its Subscribers' PII, which undeniably reveals both an individual's identity and the video materials they have requested from Defendant's Website, Defendant has intentionally and knowingly violated the VPPA.

**FACTS SPECIFIC TO PLAINTIFF**

34.    At all relevant times, Plaintiff Desmond Banks was a Subscriber of Defendant's Website apartments.com after registering for an account.

35.    At all relevant times, Plaintiff has been a Facebook user.

36.    Plaintiff has used his account with Defendant to view video materials, including prerecorded video tours, within the past year.

37.    Whenever Plaintiff viewed video materials on Defendant's Website, Defendant knowingly and intentionally disclosed Plaintiff's PII, including specifically his video viewing history and identity, to third parties and affiliates, including Facebook.

38.    Plaintiff never specifically and separately consented, agreed, authorized, or otherwise permitted Defendant to collect his PII, including specifically information that could be used to identify him as an individual who has requested to view a specific video(s), and disclose his PII to third-parties. Plaintiff did not provide his informed written consent to such disclosures in a form distinct and separate from any form setting forth his

other legal obligations.

39.    To this day, Plaintiff is unaware of the status of his PII, to whom it has been disclosed, and who has possession and retained his PII as a result of Defendant's illegal disclosures.

40.    By disclosing Plaintiff's PII, which reveals both his identity and the video materials he has requested from Defendant's Website to third-parties, Defendant has intentionally and knowingly violated the VPPA and Plaintiff's privacy rights.

## CLASS ALLEGATIONS

41.    Plaintiff brings this action on his own behalf and on behalf of a nationwide class (the "Class"), pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure, defined as follows:

> The Class: All persons in the United States who, during the applicable statute of limitations period, subscribed to apartments.com and viewed video materials on the apartments.com website.

42.    Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

43.    Upon information and belief, there are hundreds of thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

44.    Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has

Electronically Filed - CITY OF ST. LOUIS - March 20, 2025 - 03:32 PM

resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's VPPA violations.

45.    There are many questions of law and fact common to the claims of Plaintiff and the other Class Members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a)    Whether Defendant disclosed Class members' PII;

(b)    Whether the information disclosed to third parties concerning Class Members PII constitutes personally identifiable information under the VPPA;

(c)    Whether Defendant knowingly disclosed the Class Members' PII to third-parties;

(d)    Whether Class members provided written informed consent to Defendant's disclosure of their PII to third parties as required by the VPPA;

(e)    Whether the Class is entitled to damages and other relief as a result of Defendant's conduct.

46.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

47.    Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting

complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

48.    Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**<u>COUNT I</u>**
**Violations of the Video Privacy Protection Act**
**(On behalf of Plaintiff and the Class)**

49.    Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

50.    The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally-identifying information" of any subscriber to their services to a third party without their "informed, written consent[.]" 18 U.S.C. § 2710.

51.    As defined in 18 U.S.C. § 2710 (a)(4), a "video tape service provider" is "any person, engaged in the business, in or affecting interstate commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audiovisual materials."

52.    As defined in 18 U.S.C. § 2710 (a)(3), "personally-identifiable information" is defined to include "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

53.    As defined in 18 U.S.C. § 2710 (a)(1), a "consumer" means "any renter, purchaser, or subscriber of goods or services from a video tape service provider."

Electronically Filed - CITY OF ST. LOUIS - March 20, 2025 - 03:32 PM

54.    Defendant is a "video tape service provider" as defined in 18 U.S.C. § 2710 (a)(4) because it is provided prerecorded videos to Subscribers such as Plaintiff and the other Class members through its Website.

55.    Plaintiff, like the other Class members, is a "consumer" under the VPPA as he is a Subscriber to Defendant's Website who viewed prerecorded videos on the Website.

56.    Defendant knowingly caused Plaintiff's and the other Class members' PII, including information that can be used to identify them as having requested or obtained specific video materials or services, to be disclosed to third parties, including specifically to Facebook through its use of a Meta Pixel. This information constitutes PII under 18 U.S.C. § 2710 (a)(3) because it identified Plaintiff and the Class Members to third parties as individuals who viewed specific video materials requested from Defendant's Website.

57.    As set forth in 18 U.S.C. § 2710 (b)(2)(B), "informed, written consent" must be (1) in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer; and (2) at the election of the consumer, is either given at the time the disclosure is sought or given in advance for a set period of time not to exceed two years or until consent is withdrawn by the consumer, whichever is sooner."

58.    Defendant did not obtain informed, written consent from Plaintiff and the Class Members under the VPPA before disclosing their PII, including specifically their viewing history, to third parties.

59.    Defendant knew that these disclosures identified Plaintiff and the other Class Members to third parties. By knowingly and intentionally disclosing Plaintiff's and Class Members' PII without their written consent, Defendant violated Plaintiff's and Class

Members' statutorily protected right to privacy under the VPPA.

60.    As a result of the above-mentioned violations, Defendant is liable to Plaintiff and the other Class Members for damages related to their loss of privacy in an amount to be determined at trial.

61.    On behalf of himself and the Class, Plaintiff seeks: (i) declaratory relief; (ii) injunctive and equitable relief as it is necessary to protect the interests of the Plaintiff and Class by requiring Defendant to comply with the VPPA; (iii) statutory damages of $2,500 for each violation of the VPPA pursuant to 18 U.S.C. § 2710 (c); and (iv) reasonable attorneys' fees and costs and other litigation expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

1.    An order certifying the Class as defined above;

2.    For all forms of relief set forth above

3.    An order enjoining Defendant from continuing to engage in the unlawful conduct and practices described herein;

4.    An award of attorney's fees and costs;

5.    Award such further relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

DATED: March 20, 2025

Respectfully submitted,

By:  /s/ Lanny Darr
Lanny Darr  (#42038)
Darr Law Offices, Ltd.
307 Henry Street, Suite 406
Alton, IL  62002
Phone:  (618)208-6828
Fax:  (618)433-8519
darr@darrfirm.com

Eugene Y. Turin (*pro hac vice to be filed*)
Jordan R. Frysinger (*pro hac vice to be filed*)
McGuire Law, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*