**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DESMOND BANKS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br>v.<br><br>COSTAR REALTY INFORMATION, INC.,<br><br>Defendant. | Case No. 4:25-cv-00564<br><br>Removed from the City of St. Louis Circuit Court, Missouri, Case No. 2522-CC00514 |

**DEFENDANT COSTAR REALTY INFORMATION, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant CoStar Realty Information, Inc. ("CoStar"), by and through its undersigned counsel, hereby gives notice of the Opinion and Order in *Pileggi v. Washington Newspaper Publishing Company, LLC*, __ F.4th __, 2025 WL 2319550 (D.C. Cir. Aug. 12, 2025) (attached hereto as Exhibit A), which supports the arguments CoStar makes in its pending Motion to Dismiss (ECF No. 13, 14, 15, 23), and which was issued after briefing closed.

The United States Court of Appeals for the District of Columbia Circuit held that a "consumer" under the statute includes "[o]nly those who purchase, rent, or subscribe to a video service…and it is only to those same videos that the statute's privacy protections attach." *Pileggi*, 2025 WL 2319550, at *12 (D.C. Cir. Aug. 12, 2025). This supports the argument CoStar made in its briefing concerning the "consumer" element of the statute, and adopting this construction of the term would require dismissal.

Additionally, in a concurring opinion, Judge Randolph wrote that he would conclude the defendant was not a video tape service provider because "the VPPA was principally designed to target 'video stores' like the one that leaked Judge Bork's rental history," and the statute covers

only "physical data formats like cassette tapes, laser discs, compact discs, and magnetic tape machines," not "today's digital world." *Id.* at *14. (Randolph, J., concurring). This supports the argument CoStar made in its briefing concerning the "video tape service provider" element of the statute, and adopting this interpretation would require dismissal because Plaintiff's claims exclusively concern digital content on a website.

Dated: September 5, 2025

Respectfully submitted,

By: */s/ Bonnie Keane DelGobbo*
Colby M. Everett (#72403 MO)
Baker & Hostetler LLP
1801 California Street, Suite 4400
Denver, CO 80202
(303) 764-4062
ceverett@bakerlaw.com

Bonnie Keane DelGobbo (*pro hac vice*)
Baker & Hostetler LLP
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Tel: (312) 416-6200
Fax: (312) 416-6201
bdelgobbo@bakerlaw.com

*Attorneys for Defendant CoStar Realty Information, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification to all counsel of record.

*/s/ Bonnie Keane DelGobbo*
*Counsel for CoStar*