**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DESMOND BANKS, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>COSTAR REALTY INFORMATION, INC.,<br><br>*Defendant.* | Case No. 4:25-cv-00564<br><br>Removed from the City of St. Louis Circuit Court, Missouri, Case No. 2522-CC00514 |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Desmond Banks ("Plaintiff"), by and through his undersigned counsel, hereby gives notice of the Opinion and Order in *Krueger v. Chess.com, LLC*, No. 1:24-CV-05722, 2025 WL 2765375 (N.D. Ill. Sep. 28, 2025) (attached hereto as Exhibit A), which supports the arguments Plaintiff makes in his Opposition to Defendant's Motion to Dismiss (ECF No. 20), and which was issued after briefing closed.

In *Krueger*, the court denied the defendants' motions to dismiss on several grounds. First the court determined that the plaintiff qualifies as a consumer under the VPPA because he created an account and subscribed to the services of a video tape service provider. (Ex. A, at 5.) Here, Plaintiff created an account on Defendant's website to access its services, thereby qualifying him as a consumer under VPPA.

Next, the *Krueger* court rejected creating a distinction between providers who offer videos as a core part of their business versus an ancillary one stating that "the distinction finds little support in the statute." (*Id.* at 7). Instead, so long as a defendant delivers videos as part of its business, the defendant is a video tape service provider under the VPPA. (*Id.*) Here, Plaintiff

alleges that, at minimum, the delivery of videos showcasing rental properties is part of Defendant's business, which makes Defendant a video tape service provider.

Finally, the *Krueger* court held that a plaintiff's allegations that defendant collected and disclosed his information to third parties were sufficiently plausible, rejecting the defendant's "excessively high pleading standard[]" seeking to require the plaintiff to plead "how" the company disclosed his information with particularity. (Ex. A, at 10, 11) ("[t]his is especially so given the informational asymmetry at play; [the defendant] would not, of course, have made [the plaintiff] privy to any potential disclosures[]") (internal citation omitted). Further, the *Krueger* court determined that presenting defendant's privacy policy "go[es] beyond what is required" to state a VPPA claim as it "[e]vidence[s] that [the defendant] reserve[ed] the right to collect and disclose this kind of information [and] supports the plausible inference that it does so." (*Id.* at 12.) Likewise, Plaintiff here has made similar allegations of plausible disclosures and also presented Defendant's privacy policy, wherein Defendant admits to disclosing Plaintiff's personally identifiable information to third parties.

This opinion supports Plaintiff's argument that he has sufficiently alleged VPPA violation.

DATED: October 9, 2025

Respectfully submitted,

DESMOND BANKS, individually and on behalf of similarly situated individuals

By: */s/ Jordan R. Frysinger*
One of Plaintiff's Attorneys

Lanny Darr (#42038)
Darr Law Offices, Ltd.
307 Henry Street, Suite 406
Alton, IL 62002
Tel: (618) 208-6828

darr@darrfirm.com

Eugene Y. Turin
Jordan R. Frysinger
McGuire Law, P.C.
Firm ID: 56618
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I, Jordan R. Frysinger, hereby certify that I caused a copy of the foregoing to be served on all counsel of record, by operation of the Court's CM/ECF system, on October 9, 2025.

*/s/ Jordan R. Frysinger*
*Attorney for Plaintiff*